UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REGINALD CLAY,

    Plaintiff,

v.                                    Case No. 4:18-cv-20-WS/MJF

TAMMY WILLIAMS and SHANE
GILBERT,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the order to show cause issued by the undersigned on May 20, 2019. The undersigned recommends that this action be dismissed without prejudice for failure to comply with a court order and failure to prosecute.[1]

**I.    Background**

    On January 10, 2018, Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right to be free of cruel and unusual punishments. On June 14, 2018, Plaintiff filed an amended complaint naming two Defendants: Doctor Tammy

---

[1] The case was referred to the undersigned to address preliminary issues and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Williams and Nurse Shane Gilbert. (Doc. 9 at 1-3). On October 18, 2018, Magistrate Judge Charles A. Stampelos directed service of Plaintiff's first amended complaint on Defendant's Williams and Gilbert. (Doc. 11).

On March 15, 2019, Defendant Gilbert filed a motion to dismiss. (Doc. 18). On March 19, 2019, Defendant Tammy Williams filed a motion to dismiss. (Doc. 21). On March 28, 2019, Defendant Gilbert notified this court that Plaintiff failed to keep the clerk of the court advised of his mailing address. (Doc. 22). The Florida Department of Corrections' public website indicated that Plaintiff was released from prison on October 1, 2018, and his listed residence was "homeless Jacksonville, FL." (Doc. 23 at 1). Plaintiff did not notify this court of his release and did not provide this court with any address to which it could send mail or otherwise contact Plaintiff.

On March 29, 2019, to determine whether the Plaintiff was still interested in prosecuting this case, the undersigned issued an order directing the Plaintiff to file; (1) a notice with the court stating his intent to continue to prosecute this action; or (2) if he is not interested in prosecuting the case, a motion to voluntarily dismiss the case. (Doc. 23). The undersigned also directed Plaintiff to file a response to the motions to dismiss in the event that Plaintiff desired to continue to prosecute this case. The undersigned imposed a deadline of April 29, 2019 to comply. The undersigned warned Plaintiff that his failure to comply with this court's order likely would result in a dismissal of this action. This order was sent to the address provided

on the summons. To date, Plaintiff has not filed a notice with the court indicating his desire to prosecute this case and he has not responded to the motions to dismiss.

On May 17, 2019, the undersigned ordered Plaintiff to explain why this action should not be dismissed for failure to comply with an order of the court and his failure to keep the court apprised of his current address. Plaintiff was given twenty-one days to comply with that order. The undersigned again warned the Plaintiff that his failure to comply with the court's order likely would result in dismissal of this action. To date, Plaintiff has not responded to that order and has not updated his address.

## II.  Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken."). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff

fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1)    The duration of the Plaintiff's failure to comply.** On March 29, 2019, the undersigned issued an order directing Plaintiff to file a notice indicating his desire to prosecute this case and to respond to the motions to dismiss. Plaintiff failed to comply with the court's order. On May 17, 2019, the undersigned issued an order to show cause order and provided Plaintiff twenty-one days to respond. Plaintiff has not responded. Thus, Plaintiff has failed to comply with a court order since about April 29, 2019.

**(2)    The Plaintiff's failure to comply with two court orders.** The Plaintiff has failed to comply with the following orders:

      a.    the order of March 29, 2019; and

      b.    the order of May 17, 2019.

**(3)** **Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned specifically warned the Plaintiff that failure to comply with the respective orders likely would result in dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Plaintiff did not respond to either order.

**(4)** **The Plaintiff is not likely to suffer substantial prejudice from the dismissal.** Because dismissal is without prejudice, the Plaintiff may elect to refile his claim should he choose to pursue it in the future.

**(5)** **The proper balance between alleviating court calendar congestion and protecting the Plaintiff's right to due process and a fair chance to be heard.**

The Plaintiff has been afforded notice and an opportunity to be heard. He has elected not to prosecute this action. The court's need to dispose of cases that are not being prosecuted outweighs other interests.

**(6) The public policy favoring disposition of cases on their merits.**

Plaintiff has not made any effort to comply with the undersigned's orders. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (noting that

Plaintiff's "failure to receive the court's prior order, and his failure to comply with that order was 'entirely' his own fault" because he failed to keep the court apprised of his current address). The relevant orders were designed to facilitate the disposition of this case on its merits. The policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition.

**(7)    The fact that any lesser sanction would be efficacious.** Upon filing a *pro se* complaint, the Plaintiff received a packet from the clerk of court informing Plaintiff that he was required to notify the clerk of court in writing if Plaintiff's mailing address has changed. Plaintiff has failed to update the clerk of court with a mailing address. Similarly, Plaintiff ignored two additional orders issued by the undersigned. Plaintiff also likely lacks the funds to pay a fine. Accordingly, dismissal without prejudice is the appropriate sanction and any lesser sanction likely would be inefficacious.

### III.    Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for failure to comply with two court orders and for failure to prosecute.

2. The clerk of the court be directed to close the case file.

In Panama City, Florida this 10th day of June 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.